UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE


LONNIE M. MAIDEN, JR.,

    Plaintiff,

v.                                                                     3:06-cv-231

SHERIFF JAMES BERRONG and
BLOUNT COUNTY, TENNESSEE,

    Defendants.


## MEMORANDUM AND ORDER


The court is in receipt of a *pro se* prisoner's civil rights complaint under 42 U.S.C. § 1983 and an application to proceed *in forma pauperis*. It appears from the application that the plaintiff lacks sufficient financial resources to pay the $350.00 filing fee. Accordingly, pursuant to 28 U.S.C. § 1915(b)(4), the Clerk is **DIRECTED** to file this action without the prepayment of costs or fees or security therefor as of the date the complaint was received. For the following reasons, the complaint is **DISMISSED WITHOUT PREJUDICE**.

Before a prisoner may bring a civil rights action pursuant to 42 U.S.C. § 1983, he must first allege and show that he has exhausted all available administrative remedies. 42 U.S.C. § 1997e; *Porter v. Nussle*, 122 S. Ct. 983 (2002). *See also Curry v. Scott*, 249 F.3d 493, 501 n.2 (6th Cir. 2001) ("We note, however, that, while it is true we have concluded § 1997e does not impose a jurisdictional bar to federal jurisdiction, we have also concluded that the obligation to exhaust administrative remedies before resort to federal court is a mandatory one.") (citations omitted).

In order to demonstrate that he has exhausted his administrative remedies, "a prisoner must plead his claims with specificity and show that they have been exhausted by attaching a copy of the applicable administrative dispositions to the complaint or, in the absence of written documentation, describe with specificity the administrative proceeding and its outcome." *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000). A prisoner cannot simply state in his complaint that his claims have been exhausted. *Id*. "In the absence of particularized averments concerning exhaustion showing the nature of the administrative proceeding and its outcome, the action must be dismissed under § 1997e." *Id*.

Plaintiff is an inmate in the Blount County Justice Center. His complaint concerns numerous claims regarding the alleged unconstitutional conditions of his confinement; he seeks to maintain this case as a class action on behalf of himself and all others similarly situated in the Blount County Justice Center. The defendants are Blount County, Tennessee, and Sheriff James Berrong.

Within the body of his complaint, plaintiff claims that the Blount County Justice Center does not have a grievance procedure, but then goes on to state that inmates can file a grievance but that 90 percent are never answered. Plaintiff does not claim to have filed a grievance himself as to each alleged constitutional violation, nor has he provided the court with a copy of any grievance. Thus, plaintiff has not shown that he has exhausted all available remedies. Accordingly, plaintiff's complaint shall be **DISMISSED WITHOUT PREJUDICE** pursuant to 42 U.S.C. § 1997e. The court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

Because the plaintiff is an inmate in the Blount County Justice Center, he is herewith assessed the civil filing fee of $350.00. Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of the plaintiff's inmate trust account at the institution where he now resides is directed to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee 37902, as an initial partial payment, whichever is greater of:

(a) twenty percent (20%) of the average monthly deposits to the plaintiff's inmate trust account; *or*

(b) twenty percent (20%) of the average monthly balance in the plaintiff's inmate trust account for the six-month period preceding the filing of the complaint.

Thereafter, the custodian shall submit twenty percent (20%) of the plaintiff's preceding monthly income (or income credited to the plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until

the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk is **DIRECTED** to send a copy of this Memorandum and Order to the Sheriff of Blount County, Tennessee, and the county attorney for Blount County, Tennessee, to ensure that the custodian of the plaintiff's inmate trust account complies with that portion of the Prison Litigation Reform Act relating to payment of the filing fee. The Clerk is further **DIRECTED** to forward a copy of this Memorandum and Order to the court's financial deputy.

**E N T E R:**

                                                          s/ Leon Jordan
                                             United States District Judge